# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **MARY SNYDER**,<br>Office of the Federal Public Defender<br>for the Middle District of PA<br>100 Chestnut Street, Third Floor<br>Harrisburg, PA 17101,<br><br>and<br><br>**BRYANNA CHISHOLM**,<br>Office of the Federal Public Defender<br>for the Middle District of PA<br>100 Chestnut Street, Third Floor<br>Harrisburg, PA 17101,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE**,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>and<br><br>**FEDERAL BUREAU OF PRISONS**,<br>320 First Street, NW<br>Washington, DC 20535,<br><br>Defendants. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiffs Mary Snyder and Bryanna Chisholm bring this action against the Department of Justice ("DOJ") and the Federal Bureau of Prisons ("BOP") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a(g), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief

to compel compliance with the requirements of FOIA and the Privacy Act to immediately release improperly withheld agency records. Plaintiffs complain as follows:

## PARTIES

1. Plaintiff Snyder is an adult individual and resident of Cumberland County, Pennsylvania. Plaintiff Snyder is employed as a Paralegal for the Federal Public Defender Office for the Middle District of Pennsylvania. Plaintiff's office is located in Harrisburg, Pennsylvania.

2. Plaintiff Chisholm is an adult individual and resident of Dauphin County, Pennsylvania. Plaintiff Chisholm is employed as a Paralegal for the Federal Public Defender Office for the Middle District of Pennsylvania. Plaintiff's office is located in Harrisburg, Pennsylvania.

3. Defendant DOJ is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551, 552(f), and 702, that has possession, custody, and/or control of the records that Plaintiffs seek. The DOJ headquarters are located at 950 Pennsylvania Avenue, NW, Washington, DC 20530.

4. Defendant BOP is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551, 552(f), and 702, that has possession, custody, and/or control of the records that Plaintiffs seek. The BOP headquarters are located at 320 First Street, NW, Washington, DC 20535.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA), 5 U.S.C. § 552a(g)(1)(b) (Privacy Act), and 28 U.S.C. § 1331 (federal question). The Court has the authority to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), which provide that the district court of the United States in the District of Columbia has jurisdiction to enjoin these federal agencies from withholding agency records and to order the production of any agency records improperly withheld from the Plaintiffs.

## STATEMENT OF THE FACTS

7. Plaintiffs' employer, the Office of the Federal Public Defender for the Middle District of Pennsylvania, represents Mr. Robert Bolden, Sr., in habeas proceedings pursuant to 28 U.S.C. § 2255 in the Eastern District of Missouri and the Eighth Circuit Court of Appeals. *See Bolden v. United States*, No. 4:10-cv-2288 (E.D. Mo.); *Bolden v. United States*, No. 17-1087 (8th Cir.). Pursuant to the ethical obligations for counsel in capital proceedings, Plaintiffs periodically request institutional and medical records of their client, Mr. Bolden.

8. Mr. Bolden is a "brittle diabetic," diagnosed with Type 1, insulin-dependent diabetes when he was approximately three years old. He requires insulin, regular blood sugar monitoring, regular exercise, and a controlled diabetic diet to manage this chronic disease.

9. In 2016, Mr. Bolden was transferred from the United States Penitentiary in Terre Haute, Indiana ("USP-Terre Haute") to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield") for treatment for renal failure and diabetes.

10. Due to his serious medical conditions, Mr. Bolden and his counsel require his current BOP central file and medical records in order to properly monitor and review his serious medical conditions and treatment so that he can meaningfully participate in his treatment and habeas proceedings.

11. On June 12, 2017, Plaintiff Snyder submitted a FOIA request (attached hereto as Exhibit 1) to Defendant BOP seeking the entire central BOP file of Mr. Bolden from USP-Terre

Haute and MCFP Springfield "from September 1, 2016 to the present." Specifically, Plaintiff sought records including, but not limited to: "medical; dental; vision; laboratory reports; radiology reports; mental health; disciplinary; educational programs; general records; psychological and psychiatric records; evaluation; and any FOI exempt documents."

12. Plaintiff asked that the request be given priority and expedited processing. In addition, Plaintiff attached a valid Certification of Identity and Authorization to Release Information to Another Person (DOJ-361) signed by Mr. Bolden, authorizing the BOP to copy the requested records and send them to Plaintiff's Office.

13. On June 15, 2017, the DOJ/BOP responded that it had assigned FOIA Request No. 2017-05360 to the request, granted expedited processing of the request, and warned that processing may take up to six (6) months. (Exhibit 2.)

14. To date, the BOP has failed to produce any records responsive to the request, indicate when any responsive records will be produced, demonstrate that responsive records are exempt from production, notify Plaintiff of any final determination made on the request, or notify Plaintiff of the right to appeal any adverse determination to the head of the agency or to seek dispute resolution services from the BOP's FOIA public liaison or the Office of Government Information Services. 5 U.S.C. § 552(a)(6)(A). Further, in preparation for this lawsuit, Plaintiff learned for the first time that the BOP closed this request, at some unknown time, without providing any notice or explanation to Plaintiff. (Exhibit 3.)

15. On January 30, 2019, Plaintiff Snyder submitted a FOIA request (attached hereto as Exhibit 4) to Defendant BOP seeking the entire central BOP file of Mr. Bolden from MCFP Springfield from "July 17, 2017 to the present." Specifically, Plaintiff sought records including, but not limited to: "medical; dental; vision; laboratory reports; radiology reports; mental health;

4

disciplinary; educational programs; general records; psychological and psychiatric records; evaluation; and any FOI exempt documents."

16.     Plaintiff noted that the request from June 2017 seeking records from September 1, 2016 through the present was pending, and acknowledging that, because of the length of time it was taking for processing that earlier request, Plaintiff had not received any of Mr. Bolden's records since August 2016. Plaintiff stressed that, due to Mr. Bolden's ongoing medical conditions, Plaintiff was in urgent need of Mr. Bolden's full BOP records from time periods sought in both requests.

17.     As she did with the June 2017 request, Plaintiff asked that this request be given priority and expedited processing. In addition, Plaintiff attached a valid Certification of Identity and Authorization to Release Information to Another Person (DOJ-361) signed by Mr. Bolden, authorizing the BOP to copy the requested records and send them to Plaintiff.

18.     To date, the BOP has failed to make a determination about whether it will comply with Plaintiff's request, notify Plaintiff of any determination, or notify Plaintiff of the right to appeal any adverse determination to the head of the agency or to seek dispute resolution services from the BOP's FOIA public liaison or the Office of Government Information Services. 5 U.S.C. § 552(a)(6)(A). Further, the BOP has not produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

19.     On September 30, 2019, Plaintiff Chisholm submitted a FOIA request (attached hereto as Exhibit 5) to Defendant BOP seeking Mr. Bolden's medical, psychiatric, and disciplinary hearing records from March 1 through July 20, 2019.

20. As Plaintiff Snyder had done with the previous requests, Plaintiff Chisholm asked that this request be given priority and expedited processing. In addition, Plaintiff attached a valid Certification of Identity and Authorization to Release Information to Another Person (DOJ-361) signed by Mr. Bolden, authorizing the BOP to copy the requested records and send them to Plaintiff.

21. To date, the BOP has failed to make a determination about whether it will comply with Plaintiff's request, notify Plaintiff of any determination, or notify Plaintiff of the right to appeal any adverse determination to the head of the agency or to seek dispute resolution services from the BOP's FOIA public liaison or the Office of Government Information Services. 5 U.S.C. § 552(a)(6)(A). Further, the BOP has not produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

22. FOIA requires agencies of the federal government to "promptly" release records to the public upon request, unless a specific statutory exemption applies or disclosure is prohibited by law. 5 U.S.C. § 552(a)(3)(A). An agency must determine within twenty (20) working days after receipt of a request for records whether to comply with the request and immediately notify the requester of its determination and the reasons therefor. 5 U.S.C. § 552(a)(6)(A)(i). If there are "unusual circumstances," an agency may extend the time limit by no more than ten (10) working days. 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Here, more than thirty (30) working days have passed since Plaintiffs filed the requests.  Thus, the statutory time periods have elapsed.

23. Further, a requester may seek expedited processing of a request where there is a "compelling need." 5 U.S.C. § 552(a)(6)(E). An agency must process "as soon as practicable" any request for records to which it has granted expedited processing. 5 U.S.C. § 552(a)(6)(E)(iii).

24. A requester is deemed to have exhausted its administrative remedies if the agency fails to comply with FOIA's applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i). In this case, despite Plaintiffs' indicating an urgent need for the records outlined above, the BOP has not only failed to comply with FOIA's time limit provisions in responding to the requests, but has simply ignored those requests altogether. Thus, Plaintiffs are deemed to have exhausted all applicable administrative remedies with respect to these FOIA requests. *See id*.

## CAUSES OF ACTION

### Count I

**Violation of FOIA (5 U.S.C. § 552) for Wrongful Withholding of Agency Records**

25. Plaintiffs repeat, reallege, and incorporate by reference all preceding paragraphs.

26. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

27. Defendants are agencies subject to and within the meaning of FOIA, 5 U.S.C. § 552(f) and 5 U.S.C. § 551.

28. Defendants have possession of the documents and records that Plaintiffs seek.

29. Plaintiffs properly requested records within the possession, custody, and control of Defendants. 5 U.S.C. § 522(a)(3).

30. Plaintiffs are entitled by law to access to the records requested under FOIA, unless Defendants make an explicit and justified statutory exemption claim.

31. Defendants have failed to timely respond to Plaintiffs' records requests, in violation of FOIA. 5 U.S.C. § 552(a)(6)(A).

32. Defendants have failed to make responsive records available to Plaintiffs, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

33. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to produce records responsive to the FOIA request and have no legal basis for their actions in withholding the right of access to the requested records.

34. Plaintiffs have or are deemed to have exhausted all applicable administrative remedies as provided in FOIA. 5 U.S.C. § 552(a)(6)(C)(i) (providing for constructive exhaustion when an agency fails to comply with applicable time limits).

35. Therefore, Defendants have violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiffs specifically requested, 5 U.S.C. § 552(a)(3), and Plaintiffs are entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to the FOIA requests referenced herein and to justify the withholding of any responsive records withheld under claim of exemption.

**Count II**

**Violation of FOIA (5 U.S.C. § 552) for Failure to Conduct a Reasonable Search**

36. Plaintiffs repeat, reallege, and incorporate by reference all preceding paragraphs.

37. Defendants are agencies subject to and within the meaning of FOIA, 5 U.S.C. § 552(f) and 5 U.S.C. § 551.

38. Plaintiffs' request for records properly seeks records within the possession, custody, and/or control of Defendants. 5 U.S.C. § 552(a)(3).

39. Defendants have failed to conduct a search reasonably calculated to identify all records responsive to Plaintiffs' requests for records, in violation of its obligations under FOIA. 5 U.S.C. § 552(a)(3).

40. Plaintiffs have or are deemed to have exhausted all applicable administrative remedies as provided in FOIA. 5 U.S.C. § 552(a)(6)(C)(i) (providing for constructive exhaustion when an agency fails to comply with applicable time limits).

41. Therefore, Defendants have violated FOIA's mandate to release agency records to the public by failing to release the records as Plaintiffs specifically requested, 5 U.S.C. § 552(a)(3), and Plaintiffs are entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to the FOIA requests referenced herein and to justify the withholding of any responsive records withheld under claim of exemption.

## COUNT III

### Violation of the Privacy Act (5 U.S.C. § 552a) for Wrongful Withholding of Agency Records

42. Plaintiffs repeat, reallege, and incorporates by reference all preceding paragraphs.

43. Defendants are agencies subject to the Privacy Act. 5 U.S.C. § 552a(a).

44. Defendants have possession of the documents and records that Plaintiffs seek.

45. Plaintiff properly asked for records within Defendants' control. 5 U.S.C. § 552a(b)(2) & (d).

46. Plaintiffs are entitled by law to access to the records requested. *See* 5 U.S.C. § 552a(b)(2).

47. Defendants have failed to make the responsive records available to Plaintiffs, in violation of the Privacy Act. 5 U.S.C. § 552a(d).

48. Defendants are wrongfully withholding these records from Plaintiffs and have no legal basis for their actions in withholding the right of access to the requested records. *See* 5 U.S.C. § 552a(d).

49. Plaintiffs have or are deemed to have exhausted all applicable administrative remedies as provided in the Privacy Act.

## COUNT IV

### Violation of the Privacy Act of 1974 (5 U.S.C. § 552a) for Failure to Conduct a Reasonable Search

50. Plaintiffs repeat, reallege, and incorporate by reference all preceding paragraphs.

51. Defendants are agencies subject to the Privacy Act. 5 U.S.C. §552a(a).

52. Defendants have possession of the documents and records that Plaintiffs seek.

53. Plaintiffs properly asked for records within Defendants' control. 5 U.S.C. § 552a(b)(2) & (d).

54. Plaintiffs are entitled by law to access to the records requested. *See* 5 U.S.C. § 552a(b)(2).

55. Defendants have failed to conduct a search reasonably calculated to identify all records responsive to Plaintiffs' requests for records, in violation of the Privacy Act. 5 U.S.C. § 552a(d).

56. Defendants are wrongfully failing to search for records responsive to Plaintiffs' requests and have no legal basis for their actions in doing so and in withholding the right of access to the requested records. *See* 5 U.S.C. § 552a(d).

57. Plaintiffs have or are deemed to have exhausted all applicable administrative remedies as provided in the Privacy Act.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court:

a. Declare unlawful the Defendants' failure to comply with FOIA and the Privacy Act of 1974;

b.  Declare that Plaintiffs are entitled to disclosure of the requested records;

c.  Order Defendants to immediately process the requests and disclose, in their entirety, unredacted versions of all records responsive to Plaintiffs' requests that are not specifically exempt from disclosure under FOIA, including any non-identical copies of any such records;

d.  Enjoin Defendants from charging Plaintiffs search, review or duplication fees for the processing of the requests;

e.  Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' requests;

f.  Retain jurisdiction of this action to ensure that no agency records are wrongfully withheld; and

g.  Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/S/ KELLY D. MILLER*
KELLY D. MILLER, ESQUIRE
Asst. Federal Public Defender
PA Bar #307889
100 Chestnut Street, Third Floor
Harrisburg, PA 17101
Tel: 717-782-3843
Fax: 717-782-3966
kelly_miller@fd.org

Dated: April 21, 2021